

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-4709
Re: Under the provisions of Article 4860a, Acts 1929, 41st
Legislature, First Called Session, Sections 3 and 13, has
the Board of Insurance Commissioners the authority to require a mutual insurance company organized under the laws
of a jurisdiction other than
Texas, to use the name "mutual"?

Your letter of July 14, 1942, requesting the opinion of this department on the above stated question reads as follows:

"Please advise us whether, in your opinion, under the provisions of Article 4860a, (Acts 1929, 41st Leg., 1st C. S., p. 90,) ch. 40), and particularly under sections 3 and 13 thereof, this Board has the mandatory or discretionary power to require a mutual insurance company of the type affected by that Act, and organized under the laws of a jurisdiction other than Texas, and whose corporate name does not contain the word 'mutual', to change its name so as to embrace that word before granting such foreign company an original certificate of authority to do business in Texas, or before granting it a renewal certificate of authority in cases where such a company may already have been licensed in Texas whose name does not contain the word 'mutual'.

"The argument has been presented to us that since section 3 of the Act expressly and mandatorily requires domestic companies to embrace the

word "mutual" in their corporate names, so as to apprise the public unmistakably that it is a mutual company; and section 13 of the Act, dealing with the admission of foreign mutuals, employs the language 'Any such mutual insurance company', etc., the language last quoted, especially the word 'such', necessarily refers back to and embraces the earlier provisions of the Act applicable to domestic companies, and thus evidences an equally plain intent that the requirements of section 3 shall be applied to foreign mutuals under section 13; and that the Act should not be construed as imposing upon foreign mutuals less onerous provisions than upon domestic companies, or according foreign mutuals privileges which are expressly denied home companies."

Article 4860a-3 Vernon's Annotated Civil Statutes provides:

"No name shall be adopted by such company (in) which does not contain the word 'mutual', or which is so similar to any name already in use by any such existing corporation, company or association, organized or doing business in the United States, as to be confusing or misleading."

Article 4860a-13 Vernon's Annotated Civil Statutes reads as follows:

"Any such mutual insurance company organized outside of this State and authorized to transact the business of insurance on the mutual plan in any state, district or territory, shall be admitted and licensed to transact the kinds of insurance authorized by its charter or articles to the extent and with the powers and privileges specified in this Act when it shall be solvent under this Act, and shall have complied with the following requirements:

"(a) Filed with the Board of Insurance Commissioners a copy of its by-laws certified to by its Secretary;

"(b) Filed with the said Board a certified
copy of its charter or articles of incorporation;

"(c) Appointed the Chairman of the said Board
its agent for the service of process, in any action,
suit or proceedings in any court of this State,
which authority shall continue as long as any lia-
bility shall remain outstanding in this State;

"(d) Filed a financial statement under oath,
in such form as the Board may require, and have com-
plied with the other provisions of law applicable
to the filing of papers and furnishing information
by stock companies on application for authority to
transact the same kind of insurance;

"(e) Its name shall not be so similar to any
name already in use by any such existing corpora-
tion, company or association organized or licensed
in this State as to be confusing or misleading."

Generally speaking the State may impose upon non-
resident insurance companies such conditions precedent as to
the right to do business in the State as are deemed proper.
It is stated in Texas Jurisprudence, Vol. 24, p. 1311:

". . . The State may require the filing of
a power of attorney authorizing service of process
upon any agent, officer or representative of the
company, the procuring of a certificate from the
Insurance Commissioners, the filing of a bond, and
the making of a special deposit as a trust fund
for the protection of obligations arising under
policies issued within the State. The Legislature
also may limit the amount of any one risk, unless
the excess be reinsured in a solvent company do-
ing business in this State.

"A foreign insurance company which has elect-
ed to do business in Texas is deemed to have con-
sented to be governed by the insurance laws of
Texas, irrespective of their constitutionality.
Such a corporation may not contest the validity
of its contracts on the ground that it has not
complied with local laws.

". . . ." (Also see the case of Phillips vs. Perue, 229 S. W. 849, and the case of Hagler vs. Security Mutual Life Insurance Company, 244 Fed. 863).

Article 4860a-3, supra, which requires that any name adopted by such company must contain the word "mutual" is applicable only to domestic corporations.

Article 4860a-13, supra, sets forth the requirements and conditions which must be met by a company organized outside of this State to transact the business of insurance on the mutual plan in this State. Subsection (e) of said statute specifically refers to the name of such foreign corporation desiring to do business in this State as a mutual company and does not specify that the name of the company shall contain the word "mutual". We do not think that it was the intention of the Legislature that it was mandatory for the company to contain the word "mutual" in its name. If it had been the intention of the Legislature to require that the word "mutual" must be contained in the name of the foreign corporation desiring a permit to do business in this State it could have easily done so in clear and specific language. It is our opinion that when a foreign company complies with the provisions of Article 4860a-13, supra, said company shall be admitted and licensed to transact the kind of insurance authorized by its charter or articles to the extent and within the powers and privileges specified in the Act when it shall be solvent under the Act, and as above stated, as complied with the requirements set forth. We, therefore, respectfully answer the above stated question in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 23, 1942

Gerald C. Mann (s)
ATTORNEY GENERAL OF TEXAS

By     (signed)
Ardell Williams
Assistant

AW:mp

APPROVED
OPINION
COMMITTEE
By B.W.B.
CHAIRMAN